IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| Robyn B. Bennitt, | ) | Case No.: 05-03935-BGC-7 |
| Debtor. | ) | |
| Rhonda Steadman Hood, | ) | |
| Plaintiff, | ) | |
| vs. | ) | A. P. No.: 05-00164 |
| Robyn B. Bennitt, | ) | |
| Defendant. | ) | |

**Memorandum Opinion
on Second Amended Motion for Summary Judgment**

The matters before the Court are:

1. The <u>Creditor Hood's Second Amended Motion for Summary Judgment</u> filed by the plaintiff on October 27, 2006 (Proceeding No. 53);

2. The <u>Motion to Strike and Objections to Affidavits and Motion to Deny the Plaintiff's Second Motion for Summary Judgment</u> filed by the defendant on November 8, 2006 (Proceeding No. 54); and

3. The <u>Motion to Strike Affidavits of Jurors Wendy McNeeley and Kevin Ward</u> filed by the defendant on December 8, 2006 (Proceeding No. 58).

After notice, a hearing was held on December 18, 2006. Mr. Henry Lagman, the attorney for the defendant; the plaintiff, Rhonda Steadman Hood; and Mr. James McFerrin, the attorney for the plaintiff, appeared. The matter was submitted on the plaintiff's motion and attached exhibits, the defendant's motions, the record in this case, briefs, stipulations, and arguments.

**I. Background**

When this Court entered its prior order denying summary judgment, it did so reluctantly (as a personal matter not a legal matter) as it was clear that both parties

wanted the matter resolved by dispository motions.  Again the plaintiff is seeking summary judgment but this time it is opposed by the defendant.  Without any implication that the Court believes that either party should prevail legally on summary judgment, the Court is sympathetic with the parties.  The litigation between the parties began on December 13, 1999, when the plaintiff filed her original complaint in state court.  Both parties and their attorneys have invested significant time and effort.  And it is clear now that unless this matter is settled, it must be tried before this Court.

## II.  Facts

The plaintiff and the defendant are both lawyers.  The plaintiff referred several cases to the defendant.  In return, the defendant promised to pay the plaintiff referral fees equal to one-third of the entire attorney fees collected in those cases.  The defendant settled or otherwise obtained a recovery in all of the cases referred to her by the plaintiff.  During that process, the defendant collected $59,000 in attorney's fees.  She paid the plaintiff only $7,500 of the promised referral fees.  In response, the plaintiff filed suit in state court for breach of contract and fraud against the defendant and the limited liability company for whom the debtor was working.

At trial, the state court provided instructions to the jury regarding the elements and requirements of both of those types of actions under Alabama law.  The jury was also specifically instructed that they could award punitive damages against the defendants on the plaintiff's fraud count only if they were to find by clear and convincing evidence that one or the other of them intentionally deceived the plaintiff.

The jury delivered a general verdict awarding the plaintiff undesignated damages in the amount of $90,000.  That verdict read:

> We, the jury, find in favor of the Plaintiff, Rhonda Steadman Hood, and against the Defendants, Bennitt & Bufford, LLC and Robyn G. Bufford; and assess the Plaintiff's damages in the amount as follows:
> $ Ninety Thousand and no/100 Dollars ($90,000).

<u>Verdict</u>, dated November 15, 2000, in Civil Action No. CV 99-7128 (attached as part of Exhibit 1 to <u>Creditor Hood's Revised Motion for Summary Judgment</u> filed on January 16, 2006 (Proceeding No. 35)).

The judgment entered by the trial court on the jury's verdict was affirmed by the Alabama Court of Civil Appeals without opinion.

The plaintiff contends in the complaint filed with this Court that the debt represented by the state court judgment is nondischargeable pursuant to section 523(a)(2)(A) of the Bankruptcy Code, 11 U.S.C. § 523(a)(2)(A).  That section exempts debts resulting from, "false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition..." from discharge.

2

Both parties previously moved for summary judgment based on the identical contentions that all of the issues required for resolution of this adversary proceeding had already been considered and resolved by the state court, and that based on the doctrine of collateral estoppel, this Court is precluded from relitigating those same issues.

This Court denied those motions because the state court jury's general verdict: (1) did not indicate what issues it actually and necessarily decided in arriving at that verdict; (2) did not specify which of the plaintiff's two causes of action formed the basis of its decision, (3) did not indicate whether the damages awarded are compensatory or punitive, and (4) did not specify what portion, if any, of the damages awarded were intended to be punitive, rather than compensatory.

Because of those findings, this Court concluded that is was not possible to determine whether the jury rendered its verdict based on fraud or breach of contract. And since the jury could have based its verdict on either of the plaintiff's two causes of action, (and could have apportioned the damages in one of an almost infinite number of combinations), this Court concluded that collateral estoppel does not bar the litigation in this proceeding of issues germane to the dischargeability of the debt owed by the defendant to the plaintiff by way of section 523(a)(2)(A).

Moreover, as explained in its previous opinion, this Court is precluded from speculating that the jury intended for any portion of its unspecified damage award to represent punitive damages merely because that award may have, on its face, exceeded the amount of compensatory damages supported by the evidence in the state court action. And once again, the jury could have apportioned the damages in one of an almost infinite number of combinations.

### III. Conclusions of Law

The plaintiff's renewed motion for summary judgment is again based on collateral estoppel. In support of the motion, the plaintiff submitted affidavits from two of the jurors in the state court action. The gist of the affidavits is that the jury based its verdict on the conclusion that the plaintiff had been intentionally defrauded by the defendant and intended for the majority of its unspecified damage award to represent punitive damages.

Unfortunately for the plaintiff, the Court cannot consider these affidavits. They constitute inadmissible hearsay evidence to the extent they contain the affiants' individual recollections of what the jury as a group collectively thought, intended or believed with respect to their verdict and damage award, or what was related to them by their fellow jurors with respect to their mental operations in arriving at that verdict and damage award. Moreover, the admissibility of the representations contained in the affidavits regarding the affiants' own respective personal, individual mental operations, thoughts, intents, and beliefs with respect to the verdict and damage award is highly

3

debatable.  See Fed. R. Evid. 606(b)("Upon an inquiry into the validity of a verdict or indictment, a juror may not testify as to any matter or statement occurring during the course of the jury's deliberations or to the effect of anything upon that or any other juror's mind or emotions as influencing the juror to assent to or dissent from the verdict or indictment or concerning the juror's mental processes in connection therewith."). Compare Fayerweather v. Ritch, 195 U.S. 276, 306-307 (1904)(fact finder testimony inadmissible to prove what issues were actually litigated in previous action for purposes of collateral estoppel); Mars v. Mounts, 895 F.2d 1348, 1357 (11th Cir. 1990)(same); United States v. Forman, 990 F. Supp. 875, 890 (E.D. Mich. 1997)(same), a'ffd, 180 F.3d 766 (6th Cir. 1999); Ohio-Sealy Mattress Mfg. Co. v. Kaplan, 90 F.R.D. 11, 13 (N.D. Ill. 1980), rev. in part on other grounds, 745 F.2d 441 (7th Cir.1984), cert. den., 471 U.S. 1125 (1985)(same); Mills v. Ellerbee (In re Ellerbee), 177 B.R. 731, 738 (Bankr. N.D. Ga. 1995)(same), appeal decided, 78 F.3d 600 (11th Cir. 1996)(Table), cert. denied, 519 U.S. 947 (1996); LeBlanc v. State, 826 S.W.2d 640, 645 (Tex. App. 1992)(same); Kaufman v. Eli Lilly & Co., 482 N.E.2d 63, 70 (N.Y. 1985)(same); Kaufman v. Eli Lilly & Co., 455 N.Y.S.2d 329, 330-311 (N.Y. Sup. Ct. 1982)(same), aff'd, 482 N.E.2d 63, 70 (N.Y. 1985); State v. Robinson, 114 N.W.2d 737, 741 (Minn. 1962)(same), cert. denied, 371 U.S. 815 (1962); Evans v. Davidson, 67 P.2d 83, 85 (Idaho 1937)(same), with Jacobs v. Marathon County, Wisconsin, 73 F.3d 164, 168 (7th Cir. 1996)(fact finder testimony admissible to prove what issues were actually litigated in previous action for purposes of collateral estoppel), cert. denied sub nom., Jacobs v. Circuit Court of Wisconsin, Marathon County, 517 U.S. 1251 (1996); United States v. Barragan-Cepeda, 29 F.3d 1378, 1380 (9th Cir. 1994)(same).

Even assuming for argument that the testimony of the two jurors is admissible to prove their own personal mental operations, their affidavits were submitted to prompt the inference that the jury collectively based its verdict on fraud.  However, the verdict itself, in its general, unspecified form, constitutes evidence from which it may reasonably be inferred that the remaining nine members of the jury based their decision with respect to Ms. Bennitt's individual culpability on breach of contract.  And whether, and to what extent, the testimony of two of the eleven jurors who reached that verdict, and any reasonable inferences from that testimony, may be accorded sufficient probative weight to overcome the evidentiary effect of the verdict itself, (which on its face is not based on fraud and does not reflect an award of anything other than compensatory damages), is not a question which may be answered on summary judgment.  In considering summary judgment, "The court may not resolve any material factual dispute, but must deny the motion and proceed to trial if it finds that such an issue exists." Environmental Defense Fund v. Marsh, 651 F.2d 983, 991 (5th Cir. 1981). "A trial court must not decide any factual issues it finds in the records [on summary judgment]; if factual issues are present, the court must deny the motion and proceed to trial." Warrior Tombigbee Transp. Co., Inc. v. M/V Nan Fung, 695 F.2d 1294, 1296 (11th Cir.1983) (parenthetical added).  "If reasonable minds might differ on the inferences arising from undisputed facts, then the court should deny summary judgment." Id. at 1296-1297.  "In ruling on a Rule 56 motion, the district court may not weigh the evidence or find facts." Morrison v. Amway Corp., 323 F.3d 920, 924 (11th Cir. 2003).

"Issues of credibility and the weight afforded to certain evidence are determinations appropriately made by a finder of fact and not a court deciding summary judgment." McCormick v. City of Fort Lauderdale, 333 F.3d 1234, 1240 n.7 (11th Cir. 2003). "'If the record presents factual issues, the court must not decide them; it must deny the motion and proceed to trial.'" Tullius v. Albright, 240 F.3d 1317, 1320 (11th Cir. 2001)(quoting Clemons v. Dougherty County, 684 F.2d 1365, 1369 (11th Cir.1982)). "It is not the court's role to weigh conflicting evidence or to make credibility determinations; the non-movant's evidence is to be accepted for purposes of summary judgment." Mize v. Jefferson City Bd. of Educ., 93 F.3d 739, 742 (11th Cir. 1996). "Likewise, all inferences drawn from the evidence must be viewed in the light most favorable to the non-moving party." Id. "'If the nonmoving party produces direct evidence of a material fact, the court may not assess the credibility of this evidence nor weigh against it any conflicting evidence presented by the moving party. The nonmoving party's evidence must be taken as true.'" Id. at 743 (quoting T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 631 (9th Cir.1987).

Therefore, based on the above, the Court finds that there are genuine issues of material facts remaining in this proceeding which preclude entry of summary judgment. A separate order will be entered in conformity with this opinion.

Dated: March 27, 2007  /s/Benjamin Cohen
BENJAMIN COHEN
United States Bankruptcy Judge

BC:sm
cc:  Henry E. Lagman, attorney for the defendant
     Mr. James McFerrin, attorney for the plaintiff
     Ms. Virginia P. Meigs, attorney for the plaintiff
     Trustee

5