# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| Robyn B. Bennitt, | ) | Case No.: 05-03935-BGC-7 |
| Debtor. | ) | |
| Rhonda Steadman Hood, | ) | |
| Plaintiff, | ) | |
| vs. | ) | A. P. No.: 05-00164 |
| Robyn B. Bennitt, | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

This Memorandum Opinion was not submitted by the Court for publication.

### I. Background

On March 27, 2007, the Court entered a Memorandum Opinion and Order denying <u>Creditor Hood's Second Amended Motion for Summary Judgment</u> filed by the plaintiff on October 27, 2006 (Proceeding No. 53). The Court scheduled a status conference for April 25, 2007.

On April 6, 2007, the Plaintiff filed a <u>Motion to Alter, Amend or Vacate Its Order Denying Creditor Hood's Second Amended Motion for Summary Judgment</u> (Proceeding No. 72). The status conference was held on April 25, 2007. Appearing were: the plaintiff; and her attorneys James McFerrin and Virginia Meigs. The Court took the motion to alter under advisement after that conference.

The plaintiff raises two general objections in her motion to alter. Both are related to collateral estoppel. The first is, this Court should have considered the juror affidavits submitted by the plaintiff when it considered whether the debtor's intentional fraud was litigated in the state court. The second is, the state court record of the parties' litigation establishes not only that the question of the debtor's alleged intentional fraud was litigated in the state court, but also that the same record satisfies the nondischargeability fraud standards of section 523(a)(2)(A) of the Bankruptcy Code.

Based on the Court's August 28, 2006, <u>Memorandum Opinion Regarding Cross Motions for Summary Judgment</u> (Proceeding No. 46), its March 27, 2007, <u>Memorandum Opinion on Second Amended Motion for Summary Judgment</u> (Proceeding No. 65), and the instant Order, the Court finds that the <u>Motion to Alter, Amend or Vacate Its Order Denying Creditor Hood's Second Amended Motion for Summary Judgment</u> (Proceeding No. 72) is due to be denied.[1]

## II. Findings of Fact and Conclusions of Law

The Court's findings of fact and conclusions of law regarding the pending motion to alter are divided into two parts. The first addresses the plaintiff's general contention that the issue of the dischargeability of the debt owed to the plaintiff by the debtor was decided by the jury in the state court litigation and therefore collateral estoppel prevents this Court from litigating that issue here. The second addresses the two general issues the plaintiff raises in her motion, that is the admissibility of two juror affidavits and the consideration of the record from the parties' state court litigation.

### A. The Plaintiff's General Contention

The plaintiff contends that, "collateral estoppel is applicable to prevent any further evidence by... [the debtor] on the issue as to whether the Alabama judgment rendered for fraud is non-dischargeable pursuant to 11 U.S.C. Section 523(a)(2)(A)." <u>Motion to Alter, Amend or Vacate Its Order Denying Creditor Hood's Second Amended Motion for Summary Judgment</u> (Proceeding No. 72) at 1 (parenthetical added).

---

[1] At the hearing on the motion to alter, the plaintiff represented that she would seek to appeal the Court's March 27, 2007, denial of her <u>Second Amended Motion for Summary Judgment</u> (Proceeding No. 53) if the motion to alter was not granted. As a general rule, "The denial of summary judgment is interlocutory in nature and thus is not appealable." <u>In re Smith</u>, 735 F.2d 459, 461(11th Cir. 1984). However, Rule 8003 of the Federal Rules of Bankruptcy Procedure allows a party to seek leave to appeal an interlocutory order pursuant to 28 U.S.C. § 158(a)(3). Rule 8001 of the Federal Rules of Bankruptcy Procedure provides:

> An appeal from an interlocutory judgment, order, or decree of a bankruptcy judge as permitted by 28 U.S.C. § 158(a)(3) shall be taken by filing a notice of appeal, as prescribed in subdivision (a) of this rule, accompanied by a motion for leave to appeal prepared in accordance with Rule 8003 and with proof of service in accordance with Rule 8008.

Fed. R. Bankr. P. 8001(b). Rule 8003(b) provides how and when the clerk of the bankruptcy court should transmit the motion for leave to appeal to the clerk of the United States District Court for disposition by that court.

2

The law in this Circuit is, "collateral estoppel assigns a preclusive effect only to those issues actually and necessarily decided in the prior lawsuit." S.E.L. Maduro (Florida), Inc. v. M/V Antonio de Gastaneta, 833 F.2d 1477, 1483 (11th Cir.1987). Based on the summary judgment evidence, this Court cannot find that the issue of the debtor's alleged intentional fraud was actually litigated in the state court. Therefore, the Court cannot find that collateral estoppel does not prevent this Court from litigating that issue and deciding whether the debt owed to the plaintiff by the debtor is nondischargeable under section 523(a)(2)(A) of the Bankruptcy Code.

## B. The Plaintiff's Two General Issues

The two general issues the plaintiff highlighted in her Motion to Alter, Amend or Vacate Its Order Denying Creditor Hood's Second Amended Motion for Summary Judgment are: (1) the Court should have considered affidavits of two jurors submitted by the plaintiff to prove that the jury's verdict was based on the debtor's alleged intentional fraud; and (2) the Court should have considered the entire state court record submitted by the plaintiff to prove that the issue of the debtor's alleged intentional fraud was litigated in the state court and therefore collateral estoppel applies.

## (1) The Juror Affidavits

This Court found pursuant to Rule 606(b) of the Federal Rules of Evidence that the affidavits submitted constituted inadmissible hearsay evidence to the extent they contain the affiants' individual recollections of what the jury as a group collectively thought, intended, or believed with respect to their verdict and damage award, or what was related to them by their fellow jurors with respect to their mental operations in arriving at that verdict and damage award. See the cases cited in the Court's Memorandum Opinion on Second Amended Motion for Summary Judgment (Proceeding No. 65) at 4.[2] The Court still believes that was the correct ruling and again finds that it should not consider the affidavits.

---

[2] The plaintiff argues that the Court should have applied Rule 606(b) from the Alabama Rules of Civil Procedure, not Rule 606(b) from the federal rules. The plaintiff argues that when collateral estoppel is at issue, the federal court must utilize a state's principles of collateral estoppel to determine the issue preclusive effect of a judgment rendered by a court of that state. This Court agrees with the plaintiff's opinion that the state's collateral estoppel law applies to make a determination of collateral estoppel. That is what the decision rendered by the Supreme Court in Marrese v. American Academy of Orthopaedic Surgeons, 470 U.S. 373 (1985) requires bankruptcy courts to do. For an extensive discussion of the doctrine of collateral estoppel, see this Court's opinion in Angus v. Wald (In re Wald), 208 B.R. 516 (Bankr. N.D. Ala. 1997). This Court differs from the plaintiff in that it believes the question of whether it should have considered the juror affidavits was an issue of evidence in the adversary proceeding, not one involving the collateral estoppel law that must be applied to determine a judgment's preclusive effect.

3

On the other hand, <u>even if the affidavits are admissible</u>, as discussed in this Court's August 28, 2006, <u>Memorandum Opinion Regarding Cross Motions for Summary Judgment</u> (Proceeding No. 46), based on the decision in <u>City Realty, Inc. v. Continental Cas. Co.</u> 623 So.2d 1039 (Ala. 1993), this Court is not at liberty to speculate whether, or to what extent, the jury intended for any part of its award to represent punitive damages, rather than the compensatory damages which appear on the face of its verdict.[3]

As the Court in <u>City Realty</u> explained, to do so would be "speculative and improper." <u>Id</u>. at 1045. Citing <u>Alabama Farm Bureau Mut. Cas. Ins. Co. v. Williams</u>, 530 So.2d 1371 (Ala.1988), the <u>City Realty</u> Court quoted, "a court's right to amend a jury verdict after discharge of the jury is limited to matters of form or clerical errors that are apparent from the record...." <u>Id</u>. at 1045.

### (2) The State Court Record

Collateral estoppel would preclude litigation of issues in this proceeding only <u>if those same issues</u> were actually and necessarily decided by the jury in the state court proceeding. In other words, "In order for the state court litigation to have collateral estoppel effect in a bankruptcy court, it must be clear that the factual determinations made by the trier of fact parallel the facts necessary to meet the federal standard of nondischargeability." <u>Atchely v. Stover (In re Stover)</u>, 88 B.R. 479, 483 (Bankr. S.D. Ga. 1988). Consequently, if the jury verdict is to be given preclusive effect, this Court must find that the jury found <u>the same elements this Court would be required to find</u> before it can enter a judgment of nondischargeability for fraud. Those are:

1. the defendant made a false statement with the purpose and intention of deceiving the plaintiff;

2. the plaintiff relied on such false statement;

3. the plaintiff's reliance on the false statement was justifiably founded; and

4. the plaintiff sustained damage as a result of the false statement.

---

[3] That of course is the main issue before this Court. Did the jury find that the debtor committed certain fraud that would support an award of punitive damages that could be nondischargeable? It is this Court's position: (1) that it is not possible to determine from the jury verdict whether the jury based its award on fraud that would support punitive damages; and (2) it is not possible to determine whether the jury even based its award on fraud of any type. Because the damages were unspecified, the jury could have based its award on the plaintiff's other cause of action, breach of contract, which would support only compensatory damages.

4

See In re Johannessen, 76 F.3d 347, 350 (11th Cir. 1996).[4]

As this Court discussed in its August 28, 2006, Memorandum Opinion Regarding Cross Motions for Summary Judgment (Proceeding No. 46), the above elements for proving nondishchargeable fraud in a bankruptcy context may be stricter than the standard required to prove certain types of fraud under state law. Hence, it may be necessary, where fraud is alleged in a state court proceeding, and even proved, for a bankruptcy court to determine whether that "fraud" rises to the level of nondischargeable fraud in the bankruptcy context. A judgment can be awarded in state court for fraud where the fraud committed does not rise to the level of nondischargeability as required under the stricter bankruptcy law standard.

In this case, the jury's verdict alone establishes that the jury could have based its verdict on either of the plaintiff's two causes of action, not necessarily the plaintiff's fraud claim. And even if the verdict was based on fraud, there is nothing in the verdict that demonstrates that it was based on intentional fraud. As discussed before, on this alone this Court finds that it should not apply collateral estoppel to bar the litigation in this proceeding of the issue of the dischargeability of the debt owed by the defendant to the plaintiff by way of section 523(a)(2)(A).

The plaintiff disagrees and argues the state court record supports the conclusions that the jury awarded the plaintiff punitive damages, (based on the conclusion that the total amount awarded exceeded the amount of compensatory damages requested), and as such the jury must have reached the specific determination that the debtor committed intentional fraud.[5] Based on those

---

[4] See also the recent opinion by Senior District Court Judge Foy Guin in Wood v. Taylor (In re Wood), 362 B.R. 503 (N.D. Ala. 2007) and this Court's recent opinion in Ledoux v. Tanner (In re Tanner), Case No. 05 00170, 2007 WL 779130 (Bankr. N.D. Ala. March 15, 2007). The burden is on the plaintiff to prove each element of section 523(a)(2)(A) by a preponderance of the evidence. Grogan v. Garner, 498 U.S. 279, 291, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991). If any element is not proved, the debt is discharged. In re Miller, 39 F.3d 301 (11th Cir. 1994).

[5] The plaintiff argues:

1. Her request for compensatory damages, which she contends the evidence supported, was $12,167; and

2. The jury verdict was for $90,000; therefore,

3. The difference between the two must be punitive damages.

The plaintiff argues further:

1. Punitive damages could not have been based on the action for breach of

contract; and

2. Punitive damages could have been based only on a finding of intentional fraud, (the only other action before the jury); therefore,

3. The jury must have made a finding of intentional fraud because it awarded punitive damages.

As discussed in this Court's August 28, 2006, Memorandum Opinion Regarding Cross Motions for Summary Judgment (Proceeding No. 46), while the plaintiff may speculate as to what the jury found, this Court cannot. The Alabama Supreme Court summarized the pertinent facts from City Realty as:

> the trial court held that the jury could not have properly found compensatory damages in excess of $5,000. Then, based on that determination, it concluded that all other damages awarded by the jury must have been punitive damages. The trial court then found that $295,000 in punitive damages ($300,000 minus $5,000 compensatory damages) was excessive.

City Realty, 623 So.2d at 1045.

Based on those facts, the Court stated:

> The Forbuses argue that it was "pure speculation" for the trial court "to designate what portion of the verdict was compensatory and what portion was punitive." **We agree. Who can say with certainty that the jury did not award, for example, $300,000 in compensatory damages, meaning, under the trial court's reasoning, that a remittitur of $295,000 would have been in order**. We do not suggest that this was the case. To the contrary, we suggest that any such calculations are speculative and improper. "[A] court's right to amend a jury verdict after discharge of the jury is limited to matters of form or clerical errors that are apparent from the record...." Alabama Farm Bureau Mut. Cas. Ins. Co. v. Williams, 530 So.2d 1371, 1377 (Ala.1988). A court's authority to amend a verdict after the jury has been discharged cannot extend to matters of substance that a jury must determine. Id.; Alexiou v. Christu, 285 Ala. 346, 232 So.2d 595 (1970).

> Therefore, we hold that the trial court erred in its post-trial order. The trial court improperly apportioned the jury award into punitive and compensatory damages, and, based on that improper action, erred in ordering a remittitur of punitive damages. We reinstate the jury's verdict.

Id. (emphasis added).

Like City Realty, the case here involves an action for fraud. Like City Realty, the jury here awarded the plaintiff unspecified damages. Like City Realty, there is a dispute here as to

6

conclusions, the plaintiff reaches the final conclusion that collateral estoppel precludes this Court from considering whether the debt owed by the defendant to the plaintiff is nondischargeable pursuant to section 523(a)(2)(A).

For this Court to reach the result the plaintiff seeks it must <u>first</u> find:

1.  The jury intended that the portion of the damages awarded to the plaintiff, which exceeded the compensatory damages <u>requested</u> by the plaintiff, <u>was</u> punitive damages; and,

2.  That the jury based that award of punitive damages after finding facts <u>that would satisfy the four-prong nondischargeability standard</u> set out above.

From the weight that this Court believes must be afforded the jury's verdict alone, the Court cannot make those findings. Again, on its face, the jury verdict could have been based on either of two alternative theories, one of which does not permit an award of punitive damages. The jury verdict is a general verdict which simply reads:

> We, the jury, find in favor of the Plaintiff, Rhonda Steadman Hood, and against the Defendants, Bennitt & Bufford, LLC and Robyn G. Bufford; and assess the Plaintiff's damages in the amount as follows: $ Ninety Thousand and no/100 Dollars ($90,000).

<u>Verdict</u>, dated November 15, 2000, in Civil Action No. CV 99-7128 (attached as part of Exhibit 1 to <u>Creditor Hood's Revised Motion for Summary Judgment</u> filed on January 16, 2006 (Proceeding No. 35)).[6]

But even if the Court were to consider the entire state court record, for collateral estoppel to preclude litigation of the nondischargeability of the debt owed by the defendant to the plaintiff pursuant to section 523(a)(2)(A), this Court would have to find that when the jury found that the debtor committed fraud (if it did so find), the jury found facts that would satisfy the federal bankruptcy standard of nondischargeability for fraud. Again, in other words, "In order for the state court litigation to have collateral estoppel effect in a bankruptcy court, it must be clear that the factual determinations made by the trier of fact parallel the facts necessary to meet the federal standard of

---

what part of those damages are compensatory and what part are punitive. And, like <u>City Realty</u>, the jury could have awarded the plaintiff more in compensatory damages than the plaintiff requested. Based on those facts, the plaintiff wants this Court to accept the above-two hypotheses. That is the exact speculation the Supreme Court of Alabama admonished in <u>City Realty</u>. This Court cannot find any difference here. See also, <u>Darwin Dobbs Co. v. Wesson</u>, 714 So.2d 989, 994 (Ala. Civ. App. 1997).

[6] The judgment entered by the trial court on the jury's verdict was affirmed by the Alabama Court of Civil Appeals without opinion.

nondischargeability." Atchely v. Stover (In re Stover), 88 B.R. 479, 483 (Bankr. S.D. Ga. 1988).

The question then becomes: May this Court draw its own conclusions from the state court record to decide whether the jury did in fact make determinations that would parallel the facts necessary to meet the federal standard of nondischargeability? Aside from the fact that this action would lead this Court down the path that City Realty appears to block, for other reasons, the answer must be no.

How is this Court to know that the jury, as the trier of fact, found facts that would parallel the facts necessary to satisfy the nondischargeability four-prong standard, particularly given the nature of the jury verdict? On its face, the jury verdict is not based on fraud, intentional or otherwise, and does not reflect an award of anything other than compensatory damages. Did the jury recognize, accept, or embrace the facts in the state court record which the plaintiff contends support nondischargeability? Or did it base its award on other facts? Notwithstanding the two juror affidavits, which this Court has already held were not admissible, this Court cannot know what the jury relied on, let alone make a definitive determination of exactly what the jury found. For collateral estoppel to apply, this Court believes that more is needed. To require anything less would deprive the debtor from having a determination by this Court of whether her debt to the plaintiff is dischargeable in this case.

### III. Special Verdict

It may be that many of the years of litigation between these parties could have been avoided had the jury simply been asked to return a special verdict on the issue of intentional fraud. See Rule 49 of the Alabama Rules of Civil Procedure. Unfortunately, this Court cannot change that now by, "distill[ing] special findings from a general verdict...." Board of County Sup'rs of Prince William County, Va. v. Scottish & York Ins. Services, Inc., 763 F.2d 176, 179 (4th Cir. 1985) (parenthetical added). "[T]o do so would intrude on the independent role of a jury as much as would a court's unilateral amendment of its verdict." Id. What this Court can do however, is assure these parties are afforded the significant rights they are allowed under the Bankruptcy Code to have this Court determine whether the debt the debtor owes to the plaintiff is dischargeable.

### IV. Conclusion

The plaintiff bears the burden of proving nondischargeability under section 523 of the Bankruptcy Code. Equitable Bank v. Miller (In re Miller), 39 F.3d 301, 304 (11th Cir.1994). In addition, as the party moving for summary judgment, the plaintiff bears the burden of proving that there is not a genuine issue of material fact. Information Systems and Networks Corp. v. City of Atlanta, 281 F.3d 1220 (11th Cir. 2002) (parenthetical added). And finally, as the party seeking to invoke collateral estoppel, the plaintiff bears the burden of proving that certain elements have been satisfied. Matter of McWhorter, 887 F.2d 1564, 1566 (11th Cir. 1989). The Court cannot find that

8

Case 05-00164-BGC    Doc 74    Filed 06/21/07    Entered 06/21/07 11:15:29    Desc Main
Document      Page 8 of 9

the plaintiff has met all of those burdens.[7]  Consequently, to resolve all of them in the plaintiff's favor and enter a judgment against the debtor that the debt she owes the plaintiff is nondischargeable would not be proper.

Therefore, based on the Court's August 28, 2006, Memorandum Opinion Regarding Cross Motions for Summary Judgment (Proceeding No. 46), its March 27, 2007, Memorandum Opinion on Second Amended Motion for Summary Judgment (Proceeding No. 65), and the above, the Court finds that there are still genuine issues of material fact and therefore, the plaintiff's Motion to Alter, Amend or Vacate Its Order Denying Creditor Hood's Second Amended Motion for Summary Judgment is due to be denied.

An Order will be entered contemporaneously with this Memorandum Opinion.

Dated: June 21, 2007                          /s/Benjamin Cohen
                                              BENJAMIN COHEN
                                              United States Bankruptcy Judge

---

[7] The Court has reviewed the state court record, the parties submissions, and the record in this case in detail.  And as this Court commented in its March 27, 2007, Memorandum Opinion on Second Amended Motion for Summary Judgment (Proceeding No. 65), it was sympathetic with the parties' desires to have this matter resolved on dispository motions.  The plaintiff makes some practical and tempting arguments.  But based on this Court's understandings of the law, it is not possible to resolve those arguments at this time. If it is possible, the appellate court will advise.